Nash, C. J.
 

 To support this action the defendant must bo guilty of a fraudulent misrepresentation, or a fraudulent concealment—must be guilty of a moral falsehood. A person cannot be said to conceal that which he does not know to ex
 
 *13
 
 ist or does not believe to exist. If he does not believe it to exist, he is not bound to declare it to a purchaser.
 
 Hamrick
 
 v. Hogg, 1 Dev. Rep. 350. In this case there was no misrepresentation ; but it is alleged that the defendant was guilty of a fraudulent concealment. On the trial below, the defendant insisted by his counsel, “ that although Doctor Nixon had told the defendant that the negro woman was unsound, he was not bound to communicate it to the plaintiff, unless he believed it to be so.” Upon this point his Honor instructed the jury, “ that if the evidence of the Doctor was to be believed,—that he attended the negro for two weeks, and told the defendant that she was unsound, and advised him to sell her, and the defendant did sell her without disclosing the fact which the Doctor had communicated to him, he would be liable,
 
 and
 
 that,
 
 whether he believed it or not.”
 

 In this there is error. It is directly in conflict with the case above referred to. His Honor converted into a question of law that which was a question of fact for the jury. It ought to have been left to the jury to say, whether the defendant did, or did not believe the negro to be unsound, with appropriate remarks upon the Doctor’s testimony. In Hamrick’s case, the charge to the jury was substantially as in this. The negro there had been hired out, the year before the sale, to another person, who, on returning her to the defendant stated to him, that her health, for part of the time, had been very bad, and that she was unable to work. His Honor charged the jury that the defendant’s disbelief as to the truth of the information, would not exonerate him from liability. This Court declared that there was error and reversed the judgment.
 

 "We have not deemed it necessary to look into the other points raised in the case. For the error noticed, the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 

 Judgment reversed.